IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MUAMAR SAYYED, #20412** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv499 |
| | § | |
| **JAIME HAYES, ET AL.** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Muamar Sayyed filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. On November 9, 2022, mail was returned to the Court (Dkt. #7) that had been sent to Plaintiff after he notified the Court that his address had changed to Bryan County Jail, 402 W. Evergreen Street in Durant, Oklahoma (Dkt. #5). The returned mail was marked, "Return to Sender - Refused - Unable to Forward" (Dkt. #7). Based on an inmate release sheet that Bryan County Jail sent (Dkt. #8), the Clerk's Office then forwarded the Court's Order to Plaintiff's home address – 7 Atlanta Court, Mansfield, Texas 76063. The Order has now been returned once again and marked, "Return to Sender - Attempted, Not Known – Unable to Forward" (Dkt. #9). It is Plaintiff's responsibility to notify the Clerk of the Court of his current address; thus, he has failed to prosecute this case. Fed. R. Civ. Proc. 41(b).

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). The present case should be dismissed.

## RECOMMENDATION

It is therefore recommended that the complaint be dismissed without prejudice. Fed. R. Civ. P. 41(b). Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 11th day of January, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE